IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

PATRICK LAMONT KING                                                                    PLAINTIFF

VS.                                                          CIVIL ACTION NO. 2:12cv29-KS-MTP

RON KING, ET AL.                                                                      DEFENDANTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the Defendants' Motion for Summary Judgment [24] and the Plaintiff's Motion to Dismiss Summary Judgment [29]. Having reviewed the submissions of the parties and the applicable law, the undersigned recommends that the Defendants' Motion [24] be granted in part and denied in part. The undersigned recommends that Plaintiff's Motion [29] be denied.

FACTUAL BACKGROUND

Plaintiff Patrick Lamont King, proceeding *pro se* and *in forma pauperis,* filed his complaint pursuant to 42 U.S.C. § 1983 on or about February 14, 2012. In his complaint and as clarified by his testimony at the *Spears*[1] hearing, Plaintiff alleges a claim against Roderick Evans for excessive force in violation of the Eighth Amendment and alleges claims against Ron King for failing to properly supervise and discipline Officer Evans, for failing to properly investigate the March 7, 2011, incident, and for failing to grant him any relief through the Administrative Remedy Program (ARP). *See* Omnibus Order [20]. Plaintiff's claims occurred while he was a post-conviction inmate at the South Mississippi Correctional Institution ("SMCI"), where he is currently incarcerated. Plaintiff seeks compensatory and punitive

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

damages for his physical and emotional injuries.

Defendants filed their Motion for Summary Judgment [24] on February 15, 2013. Plaintiff filed his response/Motion to Dismiss Summary Judgment [29] on March 19, 2013.

STANDARD

This court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, the Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the Defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *John*, 757 F.2d at 708, 712.

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990), the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), or unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), are not enough to create a real controversy regarding material facts. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

ANALYSIS

It is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability.") (citations omitted). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Thus, supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Moreover, "[f]or purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). The Supreme Court has held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom, or practice of that local government entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).

### Roderick Evans

Plaintiff alleges a claim against Roderick Evans for excessive force in violation of the

3

Eighth Amendment. Specifically, he claims that on March 7, 2011, Officer Evans was conducting a count and ordered Plaintiff to get off the phone. Plaintiff alleges that Officer Evans then cursed at him and ordered him to go into the hallway. Plaintiff cursed back to Officer Evans and refused to go into the hallway without a ranking official present. Plaintiff's sworn *Spears* testimony reflects that Officer Evans tried to force Plaintiff into the hallway and then allegedly choked him, banged his head against the wall, and threw him into his bed rails. Officer Evans also allegedly bent Plaintiff's arm and broke his finger. After the alleged assault, Plaintiff was issued a Rule Violation Report (RVR) for interfering with the count. As a result of the alleged assault, Plaintiff suffered scratches, bruises, and a broken finger.

Officer Evans claims he is entitled to qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Officer Evans is "entitled to qualified immunity unless the plaintiff demonstrates that (1) the defendant violated the plaintiff's constitutional rights and (2) the defendant's actions were objectively unreasonable in light of clearly established law at the time of the violation." *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011) (citing *Freeman v. Gore*, 483 F.3d 404, 410–11 (5th Cir. 2007)). In *Pearson*, the Supreme Court receded from its holding in *Saucier v. Katz*, 533 U.S. 194 (2001) (setting forth original two-prong test above), holding that "while the sequence [of the two-prong test] set forth [in *Saucier*] is often appropriate, it should no longer be regarded as mandatory." *Pearson*, 129 S. Ct. at 818. "Ultimately, a state actor is entitled to qualified

4

immunity if his or her conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his or her actions." *McClendon v. City of Columbia,* 305 F.3d 314, 323 (5th Cir. 2002) (*en banc*). "Objective reasonableness is a matter of law for the courts to decide, not a matter for the jury." *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999).

"The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (internal citations and quotations omitted). The "core judicial inquiry" when deciding whether an excessive force claim violates the Eighth Amendment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Thus, a prison official's "excessive physical force against a prisoner may constitute cruel and unusual punishment when the inmate does not suffer serious injury." *Id*. at 4; *see also Wilkins v. Gaddy*, 130 S. Ct. 1175, 1177 (2010) (reversing district court's dismissal of prisoner's excessive force claim based entirely on its determination that his injuries were "de minimis," reasoning that it was "at odds with *Hudson'*s direction to decide excessive force claims based on the nature of the force rather than the extent of the injury").

Some of the relevant objective factors in the inquiry of the application of excessive force include: "1) the extent of the injury suffered; 2) the need for the application of force; 3) the relationship between the need and the amount of force used; 4) the threat reasonably perceived by the responsible officials; and 5) any efforts made to temper the severity of the forceful response." *Baldwin v. Stalder*, 137 F.3d 836, 838-39 (5th Cir. 1998) (internal citations omitted).

Officer Evans's affidavit reflects that on March 7, 2011, he issued an RVR to Plaintiff for being loud and disruptive during an emergency re-count. As a result of this incident, Plaintiff

5

was found guilty of the RVR. Officer Evans states that he has no recollection of using excessive force against Plaintiff. *See* Ex. B to Motion [24-2].

The RVR reflects that Plaintiff was issued a violation on March 7, 2011, for refusing or failing to comply with institutional count or lock-up procedure and for becoming loud and disruptive during an emergency re-count. Plaintiff was found guilty of the violation. *See* Ex. A to Motion [24-1].

The medical records reflect that Plaintiff submitted a sick call request on or about March 9, 2011, approximately two days after the alleged incident. He saw the nurse on March 10, 2011, and reported that he got into an altercation with an officer and had been hurting for four to five days. He reported that the officer pushed him into the bed rail and his hit his head on the wall. He reported that his head, neck and back were in pain. Plaintiff was given ibuprofen and referred to a provider. *See* Ex. D to Motion [27] at 119-21.

Pursuant to the nurse's referral on March 10, 2011, Plaintiff saw Gwendolyn Woodland, NP, on March 14, 2011. Upon physical examination, there was nothing abnormal with Plaintiff's head or neck. Woodland ordered an x-ray of Plaintiff's right fifth finger. The nurse applied a splint to Plaintiff's finger. *See* Ex. D to Motion [27] at 109-18. The x-ray of Plaintiff's finger on March 14, 2011, revealed an avulsion fracture of the fifth finger's extensor tendon with retraction. *Id*. at 123. A second x-ray taken approximately one week later revealed an avulsion fracture. *Id.* at 124.

Plaintiff saw Dr. Elliot Nipper at Southern Bone & Joint Specialists P.A. on March 31, 2011, for his finger injury. According to Dr. Nipper's notes, Plaintiff stated "that it happened, apparently, in an altercation with his cell mate." An x-ray of Plaintiff's finger revealed a small dorsal avulsion/bony mallet. Plaintiff's finger was placed in a STAX splint and he was ordered to modify his activity. Plaintiff saw Dr. Nipper for a follow-up visit on April 21, 2011. Plaintiff

6

was advised to continue using the Stax splint and to return in six weeks. Plaintiff saw Dr. Nipper for a follow-up visit on June 2, 2011. Plaintiff reported that he was doing okay but experienced some pain when he bumped his finger. Dr. Nipper considered Plaintiff's treatment for this injury closed. *Id.* at 125-31; 136-38.

It was clearly established at the time of the incident that inmates have a constitutional right to be free from the use of excessive force. *See Anthony v. Martinez*, 185 F. App'x 360, 363 (5th Cir. 2006); *Hudson v. McMillian*, 503 U.S. 1 (1992). Based on Plaintiff's sworn allegations in his complaint, his sworn *Spears* testimony, and the evidence before the court, Plaintiff has sufficiently raised genuine issues of material fact as to whether Officer Evans applied excessive force in violation of the Eighth Amendment and whether his conduct was objectively unreasonable in light of the clearly established law at the time of the incident. *See Goffney v. Sauceda*, No. 08-20233, 2009 WL 2029812, at *3 (5th Cir. Jul. 13, 2009) (holding that plaintiff raised a genuine issue of fact as to whether excessive force was used following his arrest, accordingly summary judgment and the related issue of qualified immunity were improper); *Payne v. Dickerson*, No. 08-60416, 2009 WL 1616661, at *1 (5th Cir. Jun. 9, 2009) (affirming district court's holding that officer was not entitled to qualified immunity from plaintiff's excessive force claim, where plaintiff alleged the violation of a clearly established constitutional right not to be subjected to excessive force by police officers and where plaintiff made sufficient allegations that he suffered more than a de minimis injury as a result of the alleged excessive use of force); *Watts v. Smart*, 328 F. App'x 291, 293–94 (5th Cir. 2009) (holding that summary judgment was not appropriate on qualified immunity issue where plaintiff raised genuine issues as to whether the force applied by the officers was excessive and whether their conduct was objectively reasonable). Accordingly, the court concludes that Officer Evans is not entitled to

qualified immunity at this time.[2]

To the extent Plaintiff alleges a claim against Officer Evans in his official capacity, Plaintiff has failed to establish that SMCI had a policy, custom or practice that was the "moving force" behind the alleged excessive force. *See Monell*, 436 U.S. at 694. Accordingly, Plaintiff's claim against Officer Evans in his official capacity, if any, should be dismissed.

*Ron King*

Plaintiff alleges claims against Ron King for failing to properly supervise and discipline Officer Evans, for failing to properly investigate the March 7, 2011, incident, and for failing to grant him any relief through the ARP.

In order for a supervisor to be liable for failure to train or supervise in a Section 1983 claim, plaintiff must show that "(1) the supervisor either failed to supervise or train the subordinate official; (2) a casual link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir.2009) (quoting *Smith v. Brenoettsy*, 158 F.3d 908, 911–12 (5th Cir. 1998)). In order for Plaintiff to establish deliberate indifference, he must demonstrate "a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation." *Goodman*, 571 F.3d at 395.

Plaintiff has failed to establish that Ron King was personally involved in the alleged

---

[2]By concluding that genuine issues of material fact remain as to Plaintiff's excessive force claim against Officer Evans in his individual capacity, the court in no way determines that such claim will ultimately be meritorious or that, once the factual disputes are decided, qualified immunity cannot be invoked at a later date.

assault by Officer Evans, and has failed to establish a "sufficient causal connection between [the alleged] wrongful conduct and the [alleged] constitutional violation." *Thompkins*, 828 F.2d at 304. As previously stated, there is no respondeat superior liability under Section 1983. *Oliver*, 276 F.3d at 742 & n.6. Moreover, Plaintiff failed to establish a pattern of violations that would obviously result in a constitutional violation created by a lack of supervision by Ron King.

Additionally, Plaintiff has failed to show that Ron King acted with deliberate indifference towards his constitutional rights in failing to discipline Officer Evans for the alleged excessive force. *See Deville v. Marcantel*, 567 F.3d 156, 171 (5th Cir. 2009).

Finally, Plaintiff's claim that Ron King failed to adequately investigate his grievance and grant him relief through the ARP fails to state a claim upon which relief may be granted. *See Dehghani v. Vogelgesang*, 226 Fed. App'x 404, 406 (5th Cir. 2007) (holding that plaintiff's allegation that warden failed to adequately investigate his grievance did not amount to a constitutional violation); *Charles v. Nance*, 186 Fed. App'x 494, 495 (5th Cir. 2006); *Woodland v. City of Vicksburg*, No. 5:05cv85-DCB-JCS, 2006 WL 3375256, at *3 (S.D. Miss. Nov. 21, 2006) (stating that claim for "failure to investigate" did not amount to a constitutional violation); *see also Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005); *Jones v. Shabazz*, No. H-06-1119, 2007 WL 2873042, at *21 (E.D. Tex. Sept. 28, 2007) (holding that inmates do not have a constitutional right to a grievance procedure, and have no due process liberty interest right to having grievances resolved to their satisfaction).

To the extent Plaintiff alleges claims against Ron King in his official capacity, Plaintiff has failed to establish that SMCI had a policy, custom or practice that was the "moving force" behind the alleged constitutional violations. *See Monell*, 436 U.S. at 694. Based on the

9

foregoing, Plaintiff's claims against Ron King should be dismissed with prejudice.

RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Defendants' Motion for Summary Judgment [24] be granted in part and denied in part. The undersigned recommends that the Motion [24] be granted as to Ron King and as to Plaintiff's claim against Roderick Evans in his official capacity, if any. The undersigned recommends that the motion be denied as to Plaintiff's claim against Roderick Evans for excessive force in his individual capacity.

The undersigned further recommends that Plaintiff's Motion to Dismiss Summary Judgment [29] be denied. In his Motion, Plaintiff simply asks that Defendants' Motion be denied because he demanded a jury trial.

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 21st day of May, 2013.

                                                s/ Michael T. Parker
                                                United States Magistrate Judge